Yongmoon Kim
Evan Lehrer
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
Email: ykim@kimlf.com
*Attorneys for Plaintiff and the putative class*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUIS A. RODRIGUEZ-OCASIO, *on behalf of himself and those similarly situated*, <br><br> Plaintiff, <br><br> vs. <br><br> I.C. SYSTEM, INC.; and JOHN DOES 1 to 10, <br><br> Defendants. | Civil Action No. <br><br><br><br> <u>**CLASS ACTION COMPLAINT**</u> |

Plaintiff, Luis Rodriguez, by way of Class Action Complaint against Defendants, I.C. System, Inc. (hereinafter "Defendant"), and John Does 1 to 10 states:

## I.    NATURE OF THE ACTION

1.    Plaintiff brings this action for damages against Defendants arising from Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## II.    JURISDICTION AND VENUE

2.    This Court has jurisdiction to entertain this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.    Venue in this action properly lies in the District Court of New Jersey, Newark Vicinage, as Defendants regularly do business in this district.

### III.    PARTIES

4.    Plaintiff, Luis Rodriguez ("Plaintiff" or "Rodriguez"), is a natural person residing in Paterson, New Jersey in Passaic County.

5.    Defendant, IC System, Inc., is a collection agency with its principal office located at 444 Highway 96 East, PO Box 64378, St. Paul, Minnesota 55164-0378.

6.    Plaintiff is informed and believe, and on that basis alleges, that Defendants John Does 1 to 10 are natural persons and/or business entities all of whom reside or are located within the United States and personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of Defendants that are the subject of this Complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by Defendants and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

### IV.    FACTS

#### A. Background

7.    Defendants are not in the business of extending credit, selling goods or services to consumers.

8.    Defendants regularly collect or attempt to collect past-due or defaulted debts allegedly owed to others which were incurred primarily for personal, family or household purposes.

9.    Defendants are in the business of collecting past-due or defaulted debts or alleged debts of natural persons.

10.    Defendants use the mails, telephone, the internet and other instruments of interstate commerce in engaging in the business of collecting past-due or defaulted debts or

alleged debts of natural persons which arise from transactions which are primarily for personal, family, or household purposes.

11.    Defendants are engaged in the collection business.

12.    Defendants have asserted that Plaintiff incurred or owed a certain financial obligation arising from an account originating from Banfield Pet Hospital ("Debt" or "Account").

13.    The Debt arose from one or more transactions which were primarily for Plaintiff's personal, family, or household purposes.

14.    The debts alleged to be owed by Plaintiff and those similarly situated were incurred for personal, family or household purposes.

15.    Defendants contend that the Account is past-due and in default.

16.    Sometime after default and before June 6, 2018, the creditor of the Account either directly or through intermediate transactions assigned, placed, transferred or sold the Debt to Defendants for collection.

17.    The Account was past-due and in default when it was placed with or assigned to Defendants for collection.

18.    At all times relevant hereto, Defendants acted in attempts to collect the Debt.

19.    In an attempt to collect the Debt, Defendants mailed a collection letter to Plaintiff on June 6, 2018 ("6/6/18 Letter").

20.    A true copy of the 6/6/18 Letter sent by Defendants, but with redactions, is attached as ***Exhibit A***.

21.     On information and belief, the 6/6/18 Letter is a mass-produced, computer-generated, form letter that is prepared by the Defendants and mailed to consumers in the State of New Jersey, such as Plaintiff, from whom they are attempting to collect a debt.

22.     The top-right corner of the 6/6/18 Letter includes:

> Creditor: Banfield Pet Hospital
> Account No.: [XXXXXXXX]1651
> I.C. System Reference No: [XXXXXXXXX]-1-79
> Principal Due: $593.45
> Collection Charge Due: $103.85
> BALANCE DUE: $697.30
>
> $0.00 has been paid since placement

23.     On information and belief, the "Collection Charge" represents a 17.5% contingent collection fee on the amount of debt actually recovered by the Defendant.

24.     On information and belief, Defendants are not legally or contractually permitted to charge contingent collection fees which were not yet incurred and earned by the Defendants.

25.     At the time of the 6/6/18 Letter was sent to the Plaintiff and as made explicit by "$0.00 has been paid since placement[,]" Defendants had not recovered any funds that would permit the charging of a contingent collection fee.

26.     Upon information and belief, the "Collection Charge" bears no relation to, has no actual basis in costs actually incurred by Defendant and is substantially greater than costs actually incurred by the Defendants.

27.     Such a false statement makes the least sophisticated consumer uncertain as to the amount allegedly owed, how to properly prioritize their expenses versus their indebtedness and uncertain as to actual amount.

28.     The 6/6/18 Letter is an initial communication.

29.     The 6/6/18 Letter does not clearly convey the validation rights contained in section 1692g of the FDCPA.

30.     "[A]lthough Defendant's collection letter puts the least sophisticated debtor on notice of her right to dispute the debt by stating, 'Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid,' . . . it does not adequately inform her that she must do so in writing. Rather, the first sentence merely informs her of the timeframe in which she may contest the debt; it does not clearly indicate that her dispute must be written. Nor do the two sentences that follow clearly establish that requirement. Instead, the subsequent sentences can be read in two distinct ways. First, they could be understood to modify the first sentence, such that the least sophisticated debtor would be on notice that she must memorialize her dispute in writing. *See, e.g.*, *Hernandez*, 2013 U.S. Dist. LEXIS 166836, 2013 WL 6178594 at *2 (determining that 'a least sophisticated debtor would read both sentences together' and 'would understand that the notification mentioned in the second sentence refers to the notification in the first sentence'). Alternatively, those sentences could be read to present a consumer with two independent options to obtain additional information about the alleged debt -- options that are separate and apart from the obligation to dispute the debt itself. *See, e.g.*, *Guzman*, 340 F. Supp. 3d at 531-32 (noting that the 'lack of a specific reference to a written dispute in the first sentence — while the other sentences indicate that only written disputes will be effective — could reasonably be interpreted to mean that disputes under the first sentence need not be in writing'). This Court is persuaded that if federal judges 'have divided on the best reading' of this validation notice, 'then surely the least sophisticated debtor would be similarly confused.' *Id.* at 532."

*Cadillo v. Stoneleigh Recovery Assocs.*, LLC, No. 17-7472-SDW-SCM, 2019 U.S. Dist. LEXIS 37539, at *13-15 (D.N.J. Mar. 8, 2019) (appeal pending).

31.     Furthermore, by making IC System visible through the window of the envelope of the 6/6/18 Letter, Defendants violated section 1692f(8) of the FDCPA.

32.     It is Defendants' policy and practice to send written collection communications, in the form exemplified in Exhibits A, in an attempt to collect consumer debts, in violation of the FDCPA.

33.     Defendants used the same procedures it used in sending the letters attached as Exhibit A to Plaintiff when sending the same and/or similar letters to numerous other New Jersey consumers.

## V.    CLASS ACTION ALLEGATIONS

34.     Plaintiff brings this action individually and as a class action on behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

35.     Subject to discovery and further investigation which may cause Plaintiff to modify, narrow or expand the following class definition at the time Plaintiff moves for class certification, Plaintiff seeks certification of classes initially defined as follows:

> **Class**: All natural persons with addresses within the State of New Jersey, to whom, from June 5, 2018, through the final resolution of this case, Defendant, sent one or more letters in an attempt to collect a consumer debt.
>
> **Subclass**: All members of the Class whose alleged creditor was Banfield Pet Hospital.

36.     Plaintiff seeks to recover statutory damages, actual damages, and attorney's fees and costs on behalf of all class members under the Fair Debt Collection Practices Act.

37.    The classes for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

38.    There are questions of law and fact common to the members of the classes that predominate over questions affecting only individuals.

39.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. The FDCPA statutory scheme provides for statutory damages payable to each class member. A class action will cause an orderly and expeditious administration of the claims of the classes and will foster economies of time, effort and expense.

40.    Plaintiff's claims are typical of the claims of the members of the classes.

41.    The questions of law and/or fact common to the members of the classes predominate over any questions affecting only individual members.

42.    Plaintiff does not have interests antagonistic to those of the classes.

43.    The classes, of which Plaintiff is a member, is readily identifiable.

44.    Plaintiff will fairly and adequately protect the interests of the classes, and has retained competent counsel experienced in the prosecution of consumer litigation.  Proposed Class Counsel have investigated and identified potential claims in the action; have a great deal of experience in handling class actions, consumer and other complex litigation, and claims of the type asserted in this action.

45.    The prosecution of separate actions by individual members of the classes would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendants in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to

individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.  Prosecution as a class action will eliminate the possibility of repetitious litigation.

46.    Plaintiff does not anticipate any difficulty in the management of this litigation.

## VI.    FIRST COUNT: VIOLATIONS OF THE FDCPA

47.    Plaintiff, on behalf of himself and others similarly situated, reasserts and incorporates herein the allegations contained in the preceding and following paragraphs.

48.    Plaintiff and those similarly situated are "consumers" as defined by 15 U.S.C. § 1692a(3) because they are natural persons allegedly obligated to pay a debt, in which the money, property, insurance, or services, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

49.    The debts alleged to be owed by the Plaintiff and those similarly situated are consumer "debts" as defined by 15 U.S.C. § 1692a(5).

50.    Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

51.    The letter attached as Exhibit A and the letters which are the same or similar in form, sent by Defendants to Plaintiff and numerous other New Jersey consumers are "communications" pursuant to 15 U.S.C. § 1692a(2).

52.    The letter attached as Exhibit A and the letters that are the same and similar in form, were sent by Defendants to Plaintiff and those similarly situated in an attempt to collect the debts.

53.     Defendants' use of the written communications as described above, sent to Plaintiff and those similarly situated, violated sections 15 U.S.C. §§ 1692e, 1692e(2), 1692e(2)(A), 1692e(5), 1692e(10), 1692f, 1692f(1), 1692f(8), 1692g, and 1692g(4).

54.     The violations of the FDCPA described herein constitute *per se* violations.

55.     Based on any one or more of those violations, Defendants is liable to Plaintiff and those similarly situated for damages, attorney's fees and costs under 15 U.S.C. § 1692k.

## VII.     PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Luis Rodriguez, on behalf of himself and others similarly situated, demands judgment against Defendants, I.C. System, Inc., and John Does 1 to 10 states as follows:

A.     For certification of this instant matter as a class action, appointing the named Plaintiff as representative of the classes, and appointing the attorneys of Kim Law Firm LLC as class counsel;

B.     For statutory damages in favor of Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i) or, in the alternative, 15 U.S.C. § 1692k(a)(2)(A);

C.     For statutory damages in favor of each class pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

D.     For actual damages in favor of Plaintiff and each class pursuant to 15 U.S.C. 1692k(a)(1);

E.     For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

F.     For pre-judgment and post-judgment interest; and

G.     For such other and further relief as the Court deems equitable and just.

## VIII.     JURY DEMAND

Plaintiff demands trial by jury as to all claims and defenses.

## IX.     CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

KIM LAW FIRM LLC

_s/Yongmoon Kim_
Yongmoon Kim
*Attorneys for Plaintiff on behalf of himself and the putative class*

Dated: June 5, 2019