**Not for Publication**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUIS A. RODRIGUEZ-OCASIO, *on behalf of himself and those similarly situated*,<br><br>*Plaintiff*,<br><br>v.<br><br>I.C. SYSTEM, INC.; & JOHN DOES 1 to 10,<br><br>*Defendants*. | Civil Action No. 19-13447<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

This putative class action alleges that Defendant I.C. System, Inc. ("I.C.") attempted to collect money to which it was not entitled, in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq*. Presently before the Court is Plaintiff's brief as to subject matter jurisdiction, D.E. 88, and Defendant's response, D.E. 91, filed pursuant to the Court's Order to Show Cause, D.E. 87. The Court has reviewed the parties' submissions[1] and considered the motions without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons discussed below, this matter is **DISMISSED without prejudice.**

I.  **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff allegedly incurred a debt to Banfield Pet Hospital ("Banfield") and did not pay it. D.E. 1 ("Compl.") ¶¶ 12, 15. Banfield hired I.C. to collect the debt. *Id.* ¶ 16. I.C. sent Plaintiff a

---

[1] Plaintiff's brief is referred to as "Plf. Br.," D.E. 88; Plaintiff's letter providing supplemental authority is referred to as "Plf. Ltr.," D.E. 90; I.C.'s brief is referred to as "Def. Resp.," D.E. 91; and Plaintiff's Complaint is referred to as "Compl.," D.E. 1.

collection letter dated June 6, 2018. *Id.* ¶ 19; *see also* D.E. 1-1 (attaching letter and envelope). The letter indicates that the "Principal Due" is $593.45. D.E. 1-1 at 1. The letter further assesses a "Collection Charge Due" of $103.85, resulting in a "Balance Due" of $697.30. *Id.* Plaintiff explains that the Collection Charge is a 17.5% contingent fee based on the amount that I.C. actually collects on behalf of Banfield. Compl. ¶ 23. The envelope has a glassine window in the upper-left corner through which I.C.'s logo—a stylized version of its name—and mailing address are visible. D.E. 1-1. at 2. Plaintiff's name and address are also visible on the envelope. *Id.*

Plaintiff filed his Complaint on June 5, 2019. D.E. 1. Plaintiff asserts that the Collection Charge is a false statement because it is not based on any costs that I.C. actually incurred since it is not paid to I.C. until after the debt is collected. *Id.* ¶¶ 23–27. Plaintiff accuses I.C. of violating sections 1692e, 1692e(2),1692e(2)(A), 1692e(5), 1692e(10), 1692f, 1692f(1), 1692f(8), 1692g, and 1692g(4) of the FDCPA. *Id.* ¶ 53. On January 7, 2022, Plaintiff moved for class certification. D.E. 67. I.C. filed an opposition, to which Plaintiff replied. D.E. 71; D.E. 75. I.C. submitted a notice of supplemental authority on August 17, 2022, bringing to the Court's attention an opinion filed in *Madlinger v. Enhanced Recovery Co., LLC*, No. 21-cv-00154 (D.N.J. July 5, 2022). D.E. 83 (submitting opinion at D.E. 83-1). On October 5, 2022, the Court held a telephone conference with the parties and issued the Order to Show Cause to determine whether the Court has subject matter jurisdiction in light of *TransUnion, LLC v. Ramirez*, - U.S. -, 141 S. Ct. 2190 (2021). D.E. 87.

II.     **STANDARD OF REVIEW**

Article III of the U.S. Constitution limits the judicial power of federal courts to deciding "Cases" or "Controversies." U.S. Const. art. III, § 2. To meet the case-or-controversy requirement, a plaintiff must show that he has standing to sue. *See Raines v. Byrd*, 521 U.S. 811,

2

818 (1997) (citation omitted). To satisfy Article III's standing requirements, the burden is on the plaintiff to show "(1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). Absent standing, there is no case or controversy, and a federal court must dismiss those claims. *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006); *see also Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) (A court "can dismiss a suit *sua sponte* for lack of subject matter jurisdiction at any stage in the proceeding.").

### III. ANALYSIS

At issue here is the first prong: whether Plaintiff has asserted that his injuries are "concrete." *TransUnion*, 141 S. Ct. 2190, 2204 (2021). Although Plaintiff asserts numerous FDCPA claims in its Complaint, *see* D.E. 1 at ¶ 53, Plaintiff's brief only appears to address its §1692e claim, as it focuses only on the alleged intangible injuries that stem from the debt collector's inclusion of the collection fee. *See* Plf. Br. at 9–10, 22–23.[2] Plaintiff asserts that "when

---

[2] The Court only considers the arguments raised by Plaintiff. Plaintiff does cite to *Morales*, stating that this case is "particular[ly] persuasive here" because it affirmed that a consumer has standing arising from a threat to their privacy when an account number is apparent from the outside of a debt collector's windowed envelope containing its collection letter. Plf. Br. at 13 (citing *Morales v. Healthcare Revenue Recovery Grp. LLC*, 859 Fed. Appx. 625 (3d Cir. 2021)). However, Plaintiff does not apply *Morales* to the facts here to argue a concrete injury with respect to its §1692f(8) claim. In addition, Plaintiff's complaint only alleges that "I.C. System" was revealed through its glassline envelope, and "the plain language of the [§1692f(8)] permits [the debt collector defendant] to use its name on the envelope [if] the name does not indicate that [the defendant] is in the debt collection business." *Valentine v. Unifund CCR, Inc.*, No. 20-5024, 2021 WL 912854, at *3 (D.N.J. Mar. 10, 2021); *see also Lahu v. I.C. System, Inc.*, No. 20-6732, 2022 WL 6743177, at *4 (D.N.J. Oct. 11, 2022) (finding that the plaintiff's allegations that the defendant's business name was publicly visible did not amount to a statutory violation, and that "[w]ithout alleging a violation . . . [the] [p]laintiff has alleged no injury").

someone is attempting to manage their finances but lacks sufficient funds to pay all debts in full, that person must make rational decisions about which debts to pay and how much to pay," and receiving misleading information about the amount that they owe "skews the consumer's decision making process." Plf. Br. at 22. Plaintiff concludes that this is "a specific and concrete injury," that "puts every recipient of the letter in harm's way," and "gives Defendant an unfair competitive advantage because the honest debt collector who does not attempt to inflate a debt's balance will receive less money than the Defendant." Plf. Br. at 22.

In *TransUnion*, the Supreme Court clarified that *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016) "rejected the proposition that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." 141 S. Ct. at 2205 (internal quotations omitted). Therefore, where a court is analyzing an intangible harm of a statutory violation, it must ask "whether [the] plaintiff[] ha[s] identified a close historical or common-law analogue for their asserted injury." *Id.* at 2204. *See also Sandoval v. Midland Funding, LLC*, No. 18-09396, 2022 WL 3998294, at *1 (D.N.J. Sept. 1, 2022) (citing *TransUnion*, 141 S.Ct. at 2214)).

Plaintiff acknowledges that *TransUnion* requires the intangible harm alleged to have a close historical common-law analogue, but Plaintiff does not identify any such analogue. Other courts have observed that the historical or common-law analogue for deceptive debt collection practices and misleading or inaccurate information is common-law fraud or fraudulent misrepresentation because both drive the recipient of false information towards a decision or action that would not otherwise be taken. *See Vaughan v. Fein, Such, Kahn & Shepard, P.C.*, No. 21-16013, 2022 WL 2289560, at *5 (D.N.J. June 24, 2022) (citations omitted); *Rohl v. Pro. Fin. Co., Inc.*, No. 21-17507, 2022 WL 1748244, at *4 (D.N.J. May 31, 2022). While a plaintiff does not

4

need to plead "an exact duplicate," of this common law analogue, a plaintiff must allege at least some form of reliance, among other elements.  *Vaughan*, 2022 WL 2289560, at *5 (citation omitted).

Here, the allegations do not demonstrate that Plaintiff himself experienced any downstream consequence or adverse effect since Plaintiff only asserts that the letter harmed the hypothetical "least sophisticated consumer" by leaving such consumer "uncertain as to the amount allegedly owed, how to properly prioritize their expenses versus their indebtedness and uncertain as to the actual amount." *See* Compl. at ¶ 27.  Likewise, Plaintiff's brief only argues that Defendant's letter will "skew the consumer[] decision making process" for those who "are attempting to manage their finances but lack[] sufficient funds to pay all debts in full."  *See* Plf. Br. at 22.  In short, Plaintiff appears to assert consumer confusion (although not necessarily confusion by Plaintiff). And the weight of authority in this district finds that under *TransUnion*, confusion alone is not enough.  *See, e.g.*, *Lahu v. I.C. System, Inc.*, No. 20-6732, 2022 WL 6743177, at *4 (D.N.J. Oct. 11, 2022) (citations omitted) (dismissing for lack of standing based on analogous facts because the "[p]laintiff's general allegations that the least sophisticated consumer would be confused by the letter, without additional facts regarding actions or inactions taken by [the] [p]laintiff upon receipt of the letter, cannot establish standing."); *see also Duncan v. Sacor Financial, Inc.*, No. 22-2742, 2022 WL 16722236, at *4 (D.N.J. Oct. 19, 2022) (citations omitted) (collecting cases in this district that have found that post-*TransUnion*, a FDCPA plaintiff must allege a tangible downstream injury resulting from a misleading collection letter for a court to confer standing); *Daye v. GC Servs. Ltd. P'ship*, No. 21-798, 2022 WL 4449381, at *3 (D.N.J. Sept. 23, 2022) (citation omitted) (acknowledging that pleading confusion alone as a result of a misleading collection letter is not enough to find standing because without "downstream consequences,"

"alleging pure statutory violations bears no resemblance to common law actions and therefore does not confer standing"); *Vaughan*, 2022 WL 2289560, at *5 (finding that informational confusion, without more, is insufficient to confer Article III standing); *Rohl*, 2022 WL 1748244, at *4 (finding that the plaintiff lacked standing because they needed to demonstrate some form of reliance, but instead alleged "nothing more than an 'informational harm'").[3]

Plaintiff's arguments do not convince the Court otherwise. *See generally* Plf. Br. at 10–23. For example, Plaintiff points the Court to "the accepted standard in this District" prior to *TransUnion* and argues that these decisions are consistent with the Supreme Court's decision in *Uzuegbunam v. Preczewski*, which "conclude[ed] that *every* violation of the law necessarily presumes an injury." Plf. Br. at 15–16 (citing 141 S. Ct. 782, 788–89 (2021)). But the issue in *Uzuegbunam* is not analogous: there, the Supreme Court was determining whether an award of nominal damages by itself could redress the past injury. 141 S. Ct. at 798–99. Plaintiff also argues that *Morales* is "particular[ly] persuasive because it concluded that a consumer had standing to raise an FDCPA claim for a violation of §1692f(8) without showing any harm other than the violation of his statutory rights. Plf. Br. at 12–13 (citing *Morales v. Healthcare Revenue Recovery Grp., LLC*, 859 F. App'x 625 (3d Cir. 2021)). However, in *Morales*, the Third Circuit found standing not based on the fact that the plaintiff claimed an FDCPA violation, but because the alleged §1692f(8) violation disclosed personal information publicly, which the Court considered a concrete injury. *Id.* at 628. Indeed, the Circuit recognized that transgressions that do not create

---

[3] *See also Rabinowitz v. Alltran Financial LP*, No. 21-12756, 2022 WL 16362460, at *9 (D.N.J. Oct. 25, 2022); *Sandoval v. Midland Funding, LLC v. Midland Funding, LLC*, 18-cv-9396, 2022 WL 3998294, at *1 (D.N.J. Sep. 1, 2022); *Foley v. MediCredit, Inc.*, No. 21-19764, 2022 WL 3020129, at *4 (D.N.J. July 29, 2022); *Schultz v. Midland Credit Mgmt., Inc.*, No. 16-4415, 2022 WL 3013082, at *4 (D.N.J. July 29, 2022); *Madlinger v. Enhanced Recovery Company*, LLC, No. 21-0154, 2022 WL 2442430, at *5 (D.N.J. July 5, 2022).

a concrete injury will "fall short of Article III requirements." *Id.* at 626. Lastly, the few post-*TransUnion* cases cited favorably by Plaintiff, *see* Plf. Br. at 15, Plf. Ltr. at 1, do not sway the Court because the cases rely on pre-*TransUnion* authority.[4]

As a result, Plaintiff has not satisfied his burden to show that he has standing. Without standing, this Court lacks subject matter jurisdiction.

## IV. CONCLUSION

Therefore, for the reasons set forth above and for good cause shown,

IT IS on this 8th day of November, 2022,

**ORDERED** that this matter is **DISMISSED without prejudice** for lack of subject matter jurisdiction; and it is further

**ORDERED** that the Clerk's Office is directed to close this matter.

_____
John Michael Vazquez, U.S.D.J.

---

[4] *See Ricks v. Medicredit, Inc.*, No. 20-3479, 2022 WL 11398285 (E.D. Pa. Oct. 18, 2022) (relying exclusively on pre-*TransUnion* authority); *Ozturk v. Amsher Collection Servs.*, No. 21-cv-18317, 2022 WL 1602192 (D.N.J. May 20, 2022) (relying exclusively on pre-*TransUnion* authority); *Velez-Aguilar v. Sequium Asset Sols., LLC*, No. 21-cv-14046, 2022 U.S. Dist. LEXIS 8842 (D.N.J. Jan. 18, 2022) (relying primarily on pre-*TransUnion* authority to conclude that the weight of authority in the district supports a finding of standing); *Bordeaux v. LTD Fin. Servs., L.P.*, No. 16-cv-0243, 2021 WL 443812, (D.N.J. Sep. 28, 2021) (relying exclusively on pre-*TransUnion* authority).